**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| KOFI BAYETTE, | : | |
| | : | Civil Action No. 2:19-cv-13424 (BRM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SUSAN VANAMBURGH, et al., | : | |
| | : | |
| Defendants. | : | |

Before this Court is *pro se* prisoner Kofi Bayette's ("Plaintiff") Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 3), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint. (ECF No. 2.)

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, and for good cause appearing, the Complaint is **DISMISSED**.

### I. BACKGROUND

In 1993, Plaintiff was tried and convicted of two counts of sexual assault; two counts of burglary; two counts of possession of a weapon for unlawful purpose; two counts of criminal restraint; and two counts of terroristic threats by a jury in Morris County.[1]  Defendant Susan E.

---

[1] The factual allegations are taken from the 146 page Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Vanamburgh served as his public defender at trial. (ECF No. 1 at 8.) He alleges Defendant Vanamburgh rendered ineffective assistance when she failed to call an expert to rebut the testimony of the State's expert. (*Id.* at 8-9.) She also failed to properly investigate whether one of the State's experts, Defendant Tighe, had proper credentials to serve as an expert witness. (*Id.* at 12.)

Plaintiff further alleges Defendant New Jersey State Police Laboratory has been "letting their Forensic Science giving [sic] flawed testimony, to sent [sic] Black and poor people to prison." (*Id.* at 16.) Specifically, Defendants Tighe was employed by the Laboratory, and the Laboratory permitted her to testify as an expert in Plaintiff's trial even though she was not qualified. (*Id.* at 18.) In addition, the Laboratory

> had the expert Gail Tighe, that the inconlosn [sic], so the New Jersey State Police only could'n [sic] say that they can't say that I did this, but can't say that I did not do it. Gail Tighe say she is an expert, so why she couldn't say were the hair came from.

(*Id.* at 20.) Finally, he alleges the Morris County Prosecutor's Office had to have known Defendant Tighe was not an expert but used her testimony anyway. (*Id.* at 33-34.)

Plaintiff is seeking monetary damages. (*Id.* ¶ 7.)

## II. LEGAL STANDARD

### A. Standard for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. Statute of Limitations

At the outset, it appears all Plaintiff's claims would be time-barred. Claims under § 1983 are "governed by the applicable state's statute of limitations" and therefore, Plaintiff's claims, which arose in New Jersey, are subject to a two-year limitations period. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ("[A] section 1983 claim arising in New Jersey has a two-year statute of limitations."). Federal law, however, governs when claims under § 1983 accrue. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). A § 1983 claim accrues and begins to run when a plaintiff knows of or has reason to know of the injury. *See Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Significantly, accrual does not depend on whether the potential claimant knew or should have known the injury constitutes a legal wrong. *See Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011), *aff'd*, 504 F. App'x 182 (3d Cir. 2012). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634.

Here, all of Plaintiff's claims center around the testimony of Defendant Tighe, which occurred at his trial in 1993. He even acknowledges knowing Defendant Tighe's testimony was

flawed at that time of trial. (ECF No. 1 at 8.) Plaintiff suffered his alleged injuries at that time and, therefore, the statute of limitations began to run and expired two years later in 1995. The limitations period may, however, be tolled under certain circumstances. State law governs whether the limitations period should be tolled. *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010). A plaintiff may be entitled to equitable tolling under New Jersey law

> where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

*Cason v. Arie St. Police Dep't*, No. 10-497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. New Jersey*, 788 A.2d 867, 879–80 (N.J. Super. Ct. App. Div. 2002)). Here, Plaintiff's Complaint does not demonstrate any basis for this Court to equitably toll the limitations period.

### B. Police Lab

Even if somehow considered timely, Plaintiff's claims would still nevertheless be dismissed. With regards to the "New Jersey State Police Lab," any claims against it are subject to dismissal because it is not considered a "person" under § 1983. Specifically, it is well-established the State and state entities are not "persons" for purposes of § 1983, and thus, are not amenable to suit under that statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Smith v. New Jersey*, 908 F. Supp. 2d 560, 563 (D.N.J. 2012) ("*Will* has thus been held to 'establish[] that the State and arms of the State . . . are not subject to suit under § 1983 . . . .'") (quoting *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990)). In *Will*, for example, the Supreme Court held the Michigan State Department of Police was not subject to suit under § 1983, because, as an arm of the state, it was not a "person" within the confines of § 1983. *Id.*

Indeed, following the Supreme Court's decision in *Will*, courts within this District have routinely dismissed § 1983 claims against the State Police on the grounds it is not a "person" subject to suit under § 1983. *See*, *e.g.*, *Smith*, 908 F. Supp. 2d at 563 (dismissing the plaintiff's § 1983 claims "against the State of New Jersey and the New Jersey State Police because the state and arms of the state may not be sued under § 1983"); *Gonzalez v. Bobal*, No. 13–1148, 2015 WL 1469776, at *3 (D.N.J. Mar. 30, 2015) ("Defendant New Jersey State Police is not amenable to suit under § 1983 because it is a subdivision of the State."); *Green v. N. Carolina State Bureau of Investigation Crime Lab*, 2011 WL 4074613, at *2 (W.D.N.C. Sept. 13, 2011) ("The North Carolina State Bureau of Investigation Crime Lab is dismissed as a defendant because the SBI is not a "person" under § 1983").

According to Plaintiff's own submission, Defendant Tighe, as an employee of the Lab, was a State of New Jersey employee. (ECF No. 1 at 105.) Therefore, because the State Police Lab is an arm of the State, and not a "person," Plaintiff's § 1983 claims against it are dismissed.[2]

### C. Public Defender

Plaintiff's claims against Defendant Vanamburgh are also subject to dismissal because public defenders are not "state actors" under § 1983. *See Vermont v. Brillon*, 556 U.S. 81, 91

---

[2] The claims against the Morris County Prosecutor's Office are dismissed for the same reason. *See Mikhaeil v. Santos*, 646 F. App'x 158, 161 (3d Cir. 2016) ("Because [the county prosecutor's office] is a state agency, not a local governmental body, it is not a person amenable to suit under § 1983.") (citing *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 854–55 (3d Cir. 2014) (New Jersey county prosecutor's offices are considered state agencies for § 1983 purposes when fulfilling their law enforcement and investigative—as opposed to administrative—roles). Here, the allegations against the Morris County Prosecutor's office relate to its decision to utilize Defendant Tighe as an expert during Plaintiff's trial, which is squarely in the role of law enforcement and renders it not a "person" under § 1983. Moreover, even if brought against an individual prosecutor, the actions complained about would be covered by prosecutorial immunity. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992) ("Use of the false testimony in connection with the prosecution is absolutely protected").

(2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor") (citation and quotation omitted); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (public defenders and private attorneys are not state actors when acting as defense counsel and "are absolutely immune from civil liability under § 1983" for actions taken in that capacity). More specifically, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Carter v. Kane*, No. 17-3026, 2017 WL 6523355, at *2 (3d Cir. Dec. 21, 2017). All the allegations against Defendant Vanamburgh are in her capacity as counsel to a defendant in a criminal proceeding. Thus, Plaintiff has not satisfied the "under color of state law" element of § 1983.

Where a public defender conspires with the State to deprive an individual of his rights, the public defender is not immune from civil liability under § 1983. *See Tower v. Glover*, 467 U.S. 914, 916–20 (1984) (finding a public defender who allegedly conspired with judges and the state attorney general to obtain the criminal defendant's conviction was acting under color of state law); *Bierley v. Abate*, 661 F. App'x 208, 209 n.3 (3d Cir. 2016) (noting "private individuals may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors"). In order to plead conspiracy under § 1983, a plaintiff must "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). A bare allegation of an agreement is insufficient to sustain a conspiracy claim. *See Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012).

Plaintiff does not provide any facts to suggest a conspiracy. He makes vague references to the fact his attorney was trying to "help" prosecutors, but such conclusory and unsupported statements are insufficient to state a conspiracy claim. *Id.* Therefore, the claims against Defendant Vanamburgh are dismissed in their entirety.

### D. Expert Witness

Finally, the allegations against Defendant Tighe are also insufficient to state a claim. While the exact type of claim he intended to raise against Defendant Tighe is unclear, it would appear he is attempting to state a malicious prosecution claim.[3]   A plaintiff raising a § 1983 claim for malicious prosecution must plead:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). A plaintiff cannot make out a claim for malicious prosecution unless he specifically alleges the criminal prosecution was terminated in his favor. *Id.* Plaintiff has not alleged his criminal proceeding ended in his favor and, therefore, he cannot maintain a malicious prosecution against anyone at this juncture.

Moreover, all of the allegations against Defendant Tighe appear to relate to her testimony at Plaintiff's criminal trial; specifically, her testimony regarding her own qualifications as an expert. However, a witness enjoys absolute immunity from damages under § 1983 for false testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 330–46 (1983) (officer testifying in criminal trial

---

[3] To the extent he intended to raise a different claim against her, Plaintiff is advised to explicitly state such in any amended complaint.

enjoys absolute witness immunity for false testimony); *Kulwicki v. Dawson*, 969 F.2d 1454, 1467 (3d Cir. 1992) (witness testifying in judicial proceeding is absolutely immune for false testimony); *Williams v. Hepting*, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearing).

As such, whether Plaintiff intended to bring a malicious prosecution claim, or some other type of claim based on Defendant's alleged false trial testimony about her qualifications, those claims are dismissed.

## IV. CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. The claims against the Lab and Prosecutor's Office are dismissed with prejudice. The claims against Defendants Vanamburgh and Tighe are dismissed without prejudice. Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint with regard to the claims against Defendants Vanamburgh and Tighe. An appropriate order follows.

Dated: December 17, 2019

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**